## Osko License

*Paul R. Selecky,* Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

*John J. Dempsey, Jr.,* for appellant.

PINOLA, J., June 4, 1951.—This is an appeal by Walter L. Osko from the refusal of the Pennsylvania Liquor Control Board to grant him a restaurant liquor license for premises located in Lehman Township.

On January 2, 1951, appellant filed his application and a hearing was held thereon on March 21, 1951. On May 1, 1951, the board refused the application on two grounds: (a) Because the quota of two licenses for the township was already exceeded, there being at the time nine licenses in effect which are counted against the quota, and (b) because it was not satisfied that there was any need for an additional licensed establishment in the township.

Since that date, by order of this court, Flannery, J., another license was granted in the township to Frank O'Connell at Twin Lakes.

According to Agent Tucker of the board, the premises in question have been used for five years as a bona fide restaurant, seating a minimum of 45 persons. During that time appellant has done an extensive business in the service of food.

There are four licensed premises in the immediate vicinity, the nearest being 80 feet away and the farthest 600 feet away. There is another about a quarter of a mile away, and still another about a half mile away.

Agent Tucker made an investigation at Harveys Lake in the middle of January 1951. Of course, at that time all resort activities had ceased, so that apart from showing the location of the premises, he was unable to give any helpful testimony.

We have said, time and again, that the board may not conclude from the bare fact of the number of licenses in effect that there are sufficient licenses in any community. To do so and for that reason to hold that the applicant is not entitled to a license, is an arbitrary and capricious exercise of the board's direction.

We are thoroughly familiar with the conditions at Harveys Lake and we regret that the board does not see fit to make a thorough, comprehensive investigation to determine the need for licensed establishments there. We are of the opinion that the limit either has been reached or will soon be reached and, therefore, we call upon the board to make such an investigation as will reveal, among other things, the number of people who go to Harveys Lake on week-ends and how many residents there are at the Lake, both permanent and summer.

Appellant called Joseph E. Ide, Chief of Police of Lehman Township, who testified that appellant served very good food, and that the place in question is open the year round and has been in operation for over five years. He said that on week-ends, from Memorial Day to Labor Day, from 10,000 to 15,000 people visit Harveys Lake, the cars traveling bumper to bumper. He himself observed the delay in service of the public in the various restaurants in the immediate vicinity of appellant's business place. In his opinion, the granting of this license would be a help to the community.

Mrs. Margaret Link, who operates a restaurant at Warden Place, about a half mile away, testified to the need. On many occasions during the summer season she is not able to accommodate patrons who come to her establishment.

Allen Major, justice of the peace of Lehman Township; John Nothoff, operator of a restaurant in the immediate vicinity of appellant's business place; Mrs. George Casterline, housewife; Joseph Belcastro, automobile dealer; Thomas Garrity, real estate broker, and five other witnesses all agreed to the need for the licensing of the establishment operated by appellant.

From a careful consideration of all the testimony adduced, we find the following facts:

1. The quota of restaurant liquor licenses for the sale of liquor and malt beverages for Lehman Township is two and there are 10 licenses in effect which are of the type counted against the quota.

2. There is a present need for an additional establishment in Lehman Township because the licensed establishments now in existence are insufficient to serve the needs of the persons residing in the community as well as those who come there from outside in quest of rest, relaxation and pleasure.

And therefore, we make the following

*Order*

Now, June 4, 1951, the appeal of Walter L. Osko is sustained, and it is ordered and directed that a restaurant liquor license be granted to appellant.